512 A.2d 101

Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Carl S. Schodde, et al., Appellees.

Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Carl S. Schodde, et al., Appellees.

Argued March 14, 1986, before Judge CRAIG, and Senior Judges BLATT and KALISH, sitting as a panel of three.

*Michael J. Creighton*, Assistant Counsel-in-Charge, with him, *Spencer A. Manthorpe*, Chief Counsel, and *Jay C. Waldman*, General Counsel, for appellant.

*William P. Bresnahan, Rothman, Gordon, Foreman and Groudine, P.A.*, for appellees.

OPINION BY JUDGE BLATT, July 17, 1986:

The Pennsylvania Department of Transportation (Department) appeals an order of the Court of Common Pleas of Allegheny County which affirmed an award for reasonable appraisal, attorney and engineering fees in the amount of $59,206.32. A Board of View had issued this award against the Department under Section 609 of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended, added by* Section 7 of the Act of December 29, 1971, P.L. 639, 26 P.S. §1-609.

In 1976 the Department filed two declarations of taking for certain properties owned by Carl S. Schodde, Norma L. Rall, Ruth S. Hartstein, Janet S. Duffy and Carl H. Schodde (condemnees), to which the condemnees timely filed preliminary objections, alleging there that the Department had committed a *de facto* taking as early as 1972 and 1973. Following evidentiary hearings, the Court of Common Pleas of Allegheny County issued a decision in 1980 sustaining these preliminary objections and declaring the Department's declarations of taking null and void. The Department appealed, and our Court reversed the trial court's order and remanded the matter so that the trial court could make findings of fact which would support its conclusion. The trial court thereafter issued an opinion setting forth more specific findings and restating its earlier conclusion that a *de facto* taking had occurred in 1972 and 1973.

No appeal was taken from this decision, and petitions, subsequently consolidated, were filed for the appointment of a Board of Viewers. The parties thereafter reached a settlement agreement as to general and specific damages for the properties, leaving only the issue of the condemnees' entitlement to reimbursement for attorney, engineering and appraisal fees to be contested before the Board of Viewers. This resulted in the award challenged here.

The Department initially contends that the condemnees were entitled to reimbursement only under the provisions of Section 610 of the Code, 26 P.S. §1-610. And, of course, Section 610 pertinently establishes a $500 limit on the amount which a condemnee may receive as payment toward reasonable expenses incurred for appraisal, attorney and engineering fees when the condemnee is not eligible for reimbursement of such fees under Section 609, which in turn provides:

### Condemnee's costs where no declaration of taking filed

Where proceedings are instituted by a condemnee under section 502(e)[ ], a judgment awarding compensation to the condemnee for the taking of property shall include reimbursement for reasonable appraisal, attorney and engineering fees and other costs and expenses actually incurred.

26 P.S. §1-609. Section 502(e), referred to in the above-quoted section, states that, where a compensable injury has been suffered "and no declaration of taking therefor has been filed, a condemnee may file a petition for the appointment of viewers." 26 P.S. §1-502(e).

The Department argues that Section 609 is not available to the condemnees because it applies only where no declaration was filed. This argument fails to acknowledge, however, that the pertinent statutory provision clearly applies to those instances whenever a compensable injury is incurred without a declaration of taking having been filed, *i.e.*, a *de facto* taking. In the instant case, moreover, the declarations of taking were found by the court to be null and void and, therefore, may be deemed not to have been filed. Accordingly, there was no declaration of taking filed for purposes of petitioning for an appointment of viewers under Section 502(e) and for the consequential application of the reimbursement provisions of Section 609.[1]

---

[1] We note that the Joint State Commission's comment regarding Section 609 states that the "section is applicable only where a condemnor is found by the court to have taken property without the filing of a declaration of taking." This comment buttresses our conclusions as to the null effect of the Department's declarations of taking and that the essential factor in determining the applicability of Section 609 is not whether a declaration of taking was *ever* filed, but whether or not there had been a declaration of taking filed *at*

The Department also contends that the trial court erred in failing to address the reasonableness of the fees awarded inasmuch as they were based upon a contingency agreement reflecting funds paid prior to the finding of a *de facto* taking. In this regard, we would preliminarily observe that the matter of the reasonableness of an attorney fee is within the sound discretion of the trial court. *Benkovitz Appeal,* 70 Pa. Commonwealth Ct. 230, 452 A.2d 1113 (1982). Moreover, the trial court's judgment in this respect is presumed correct, and absent some showing of an abuse of discretion, we may not interfere with the award. *Id.* Our review of the record in the instant case indicates that the amounts upon which the fees were based represent the *difference* between the amounts which the Department initially offered in settlement for various claims and the amounts eventually paid for those claims, and on the amounts of obligatory special damages claims which were over and above the amount originally offered by the Department. Under such circumstances, and cognizant that it took over five years to resolve the property compensation issues, we are not prepared to say that the fee was unreasonable or that the trial court abused its discretion in ordering its payment.

We will, therefore, affirm the order of the Court of Common Pleas of Allegheny County.

---

*the time* the property was taken. And, of course, such comments are appropriate aids in statutory construction. Section 1939 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1939. We also reject the Department's proffered interpretation, which would allow a condemnor to impose a $500 limit on its obligation for reimbursable expenses through the expedient measure of filing an invalid declaration of taking long after the *de facto* taking occurred.

ORDER IN 3680 C.D. 1984

AND NOW, this 17th day of July, 1986, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.

ORDER IN 3681 C.D. 1984

AND NOW, this 17th day of July, 1986, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.